**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR MEDINA MELENDEZ, | No. 20-71266 |
| Petitioner, | Agency No. A094-292-254 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021[**]
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Julio Cesar Medina-Melendez seeks review of a Board of Immigration Appeals' (BIA) order denying his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a) and dismiss in part and deny in part his petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. We lack jurisdiction to consider Medina's due process claim that the Immigration Judge (IJ) improperly barred him from introducing additional evidence at his 2018 hearing about (1) his alleged persecutor's continued political influence and (2) the likelihood of future persecution and torture because Medina did not present this claim to the BIA. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam). Even if Medina had exhausted this claim, he waived it by not raising it in his opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

2. Substantial evidence supports the BIA's finding that Medina is ineligible for withholding of removal and CAT protection. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (stating standard). Although the IJ's conclusion that Medina's sister qualifies for asylum bears on whether Medina can establish a nexus between his family group and future persecution, it does not control whether he can establish a clear probability that he would suffer future harm. *See id.* at 1146 (noting that "[t]he 'clear probability' standard for withholding is a more stringent burden of proof than the standard for asylum, which does not require that the applicant demonstrate that harm would be more likely than not to occur" (citation omitted)). Medina offered only conjectural evidence of his alleged persecutor's continued political influence and desire for revenge. *See* 8 U.S.C. § 1231(b)(3)(C); *see also Bartolome v. Sessions*, 904 F.3d

803, 814 (9th Cir. 2018) ("Speculation on what could occur is not enough to establish a reasonable fear."). Regarding his CAT claim, Medina similarly only speculated that he would be tortured if returned to Honduras. *Garcia*, 988 F.3d at 1147–48 (citing *In re V-X-,* 26 I. & N. Dec. 147, 154 (B.I.A. 2013)).

The BIA correctly relied on the passage of time in denying Medina's application, *see Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002); *see also* 8 C.F.R. § 1208.24(b)(1), despite the BIA's 2016 unopposed remand causing some of the delay in resolving Medina's application. And even if the BIA erred by finding that the IJ initially concluded that Medina was not credible the error was harmless because the BIA accepted Medina's testimony as credible for the purposes of appeal.

3.      The BIA did not violate Medina's due process rights. The possibility that another fact finder might have drawn a different inference from the record neither negates the substantial evidence in the record that supports the BIA's decision nor establishes a due process violation. *Garcia*, 988 F.3d at 1142. Instead of offering a "boilerplate" answer to Medina's appeal, the BIA specifically explained why it agreed with the IJ that Medina failed to establish a clear probability of future harm if he returned to Honduras and noted that there was no support for Medina's assertion that the IJ ignored the evidence.

4.      Finally, the record does not support Medina's conclusory argument

3

that the BIA misapplied the standard of review.

**PETITION DISMISSED IN PART AND DENIED IN PART.**